UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ELLIS WAMSLEY, IV, | § | |
| Petitioner, | § | |
| | § | 3:17-CV-434-B |
| v. | § | 3:15-CR-495-B |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

Before the Court are Petitioner's objections to the Magistrate Judge's Findings, Conclusions, and Recommendation. (ECF No. 13.) The Court has made a *de novo* review of the objections. For the following reasons, the objections are OVERRULED ,and the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

I.

In Petitioner's first two objections, he argues the Court cannot rely on the Factual Resume to determine his claims because his counsel was ineffective prior to drafting the Factual Resume. In his third and fourth objections, he claims the Magistrate Judge improperly shifted the burden of proof.

1.  **Burden of Proof**

Petitioner claims the Magistrate Judge improperly found that it was his burden to show he was actually innocent and/or that he received ineffective assistance of counsel. In a habeas corpus proceeding, however, the petitioner bears the burden of establishing his claims. *See United States v. Chavez*, 193 F.3d 375, 378 (1999) (citing *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994)) ("In a

habeas proceeding alleging ineffective assistance of counsel, the petition has the burden of proof."); *House v. Bell*, 547 U.S. 518, 538 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (stating it is petitioner's burden to establish his actual innocence). Petitioner has failed to show the Magistrate Judge improperly shifted the burden of proof. His objections are hereby OVERRULED.

### 2. Ineffective Assistance of Counsel

In his petition, Petitioner claimed his counsel was ineffective because counsel failed to investigate or argue that the fraudulent wire transmissions lacked an interstate nexus. In examining this claim, the Magistrate Judge stated: "Petitioner admitted in his Factual Resume that the relevant fraudulent wire transmissions, made on November 4, 2010, and January 21, 2011, initiated from computers in Texas and went to Gmail servers outside of Texas." (ECF No. 12 at 6.)

Petitioner objects that the Factual Resume should not be considered in determining his ineffective assistance of counsel claims because his counsel failed to investigate or argue against the interstate nexus before the Factual Resume was drafted. As stated in the Findings, Conclusions, and Recommendation, however, Petitioner has submitted no evidence that the fraudulent transmissions were not interstate transmissions. It is Petitioner's burden to establish that his counsel was constitutionally ineffective. *Chavez*, 193 F.3d at 378; *Strickland, v. Washington*, 466 U.S. 668, 687 (1984). Further, Petitioner signed the Factual Resume stating that the facts recited therein were true and correct. (ECF No. 27 at 9.) Petitioner's objections are hereby OVERRULED.

### II.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the

Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event, the petitioner will file a notice of appeal, the court notes that the petitioner will need to pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis.*

SO ORDERED this 22nd day of May, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
    **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.